Thursday, September 22, 2011

No. 10–0659/AF.  U.S. v. Garland R. Stewart.  CCA S31685.  On further consideration of the granted issue (69 M.J. 403 (C.A.A.F. 2010)), it is ordered that the decision of the United States Air Force Court of Criminal Appeals is set aside.  The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for consideration of the granted issue in light of *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010), and to determine whether the erroneous admission of the cover memorandum and specimen custody document of the drug testing report was harmless beyond a reasonable doubt.[1]

STUCKY, Judge (concurring in the result):  I affirm my dissenting vote in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).  The drug testing report at issue in this case was the third report.  It was created pursuant to a follow–up urinalysis test after the accused had previously tested positive.  It is not entirely clear whether this fact would change the primary purpose of the third test or the statements made pursuant thereto.  Given this difference, and because this Court is not otherwise considering its significance, I agree that setting aside the United States Air Force Court of Criminal Appeals' decision and remanding the case is the most appropriate action.

BAKER, Judge (dissenting):  I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).

No. 10–6002/AF.  U.S. v. Matthew D. Skrede.  CCA 2009–09.  On further consideration of the granted issues (69 M.J. 176–77 (C.A.A.F. 2010)), it is ordered that the decision of the United States Air Force Court of Criminal Appeals is set aside.  The record of trial is returned to the Judge Advocate General of the Air Force for further proceedings consistent with this Court's decisions in *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010).[2]

STUCKY, Judge (concurring in the result):  I affirm my dissenting vote in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011), (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).  I write separately given a notable

[1] Nothing in this order is intended to limit the scope of the Court of Criminal Appeals' review on remand, including, but not limited to, consideration of the issue raised in Judge Stucky's separate opinion.

[2] Nothing in this order is intended to limit the scope of the Court of Criminal Appeals' review on remand, including, but not limited to, consideration of the issue raised in Judge Stucky's separate opinion.

factual difference from *Sweeney*. Although the accused's first test was conducted pursuant to a random urinalysis test, the second test was conducted because the accused's first test was positive. It is not entirely clear whether this fact would change the primary purpose of the second test or the statements made pursuant thereto. Given this difference, and because this Court is not otherwise considering its significance, I agree that setting aside the United States Air Force Court of Criminal Appeals' decision and returning the record to the Judge Advocate General is the most appropriate option.

BAKER, Judge (dissenting): I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).

No. 11–0045/AF. U.S. v. William E.V. Dunn. CCA S31584. On further consideration of the granted issue (69 M.J. 457–58 (C.A.A.F. 2010)), it is ordered that the decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for consideration of the granted issue in light of *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010), and to determine whether the erroneous admission of the cover memoranda and specimen custody documents of the drug testing report was harmless beyond a reasonable doubt.[1]

STUCKY, Judge (concurring in the result): I affirm my dissenting vote in *United States v. Sweeney*, 70 M.J. 296, 306–13 (Baker, J., joined by Stucky, J., concurring in part and dissenting in part). I write separately given a notable factual difference from *Sweeney*. The accused was subjected to a urinalysis test because of his erratic behavior and because he was an informant. It is not entirely clear whether these facts would change the primary purpose of the test or the statements made pursuant thereto. Given this difference, and because this Court is not otherwise considering its significance, I agree that setting aside the United States Air Force Court of Criminal Appeals' decision and remanding is the most appropriate option.

BAKER, Judge (dissenting): I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).

---

1 Nothing in this order is intended to limit the scope of the Court of Criminal Appeals' review on remand, including, but not limited to, consideration of the issue raised in Judge Stucky's separate opinion.