KRAUSS, Judge,
with whom Senior Judge YOB
joins, dissenting in part, and concurring in part and in the result:
I disagree with my learned colleagues as to the retroactive application of the Supreme Court’s decision in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). I understand Padilla to plainly contemplate the retroactive application of its decision to cases arising after enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) and to declare that, as of the enactment of the IIRIRA, a defense counsel’s failure to inform a client of the possible consequences of conviction on the client’s immigration status constitutes deficient performance. Padilla, 130 S.Ct. at 1480, 1484-86; * United States v. Orocio, 645 F.3d 630, 641-43 (3rd Cir.2011); Commonwealth v. Clarke, 460 Mass. 30, 949 N.E.2d 892, 903-05 (2011); Denisyuk v. State, 422 Md. 462, 30 A.3d 914, 923 (2011); Chaidez v. United States, 655 F.3d 684, 698-99 (7th Cir.2011) (Williams, J., dissenting); see also Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 1389-90, 182 L.Ed.2d 398 (2012); Vartelas v. Holder, — U.S.-, 132 S.Ct. 1479, 1483-84, 1487, 182 L.Ed.2d 473 (2012). “[B]ecause Padilla followed directly from Strickland and long-established professional norms, it is an ‘old *593 rule’ for Teague purposes and is retroactively applicable” to appellant’s case as he pled guilty pursuant to a plea trial agreement in 2005. Orocio, 645 F.3d at 641 (referring to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)); see also Chaidez, 655 F.3d at 697 (Williams, J., dissenting). I therefore respectfully dissent as to that part of the majority opinion.
Because appellant has established his counsel’s failure to advise in accordance with the professional norms described in Padilla, he satisfies the first prong of Strickland. Padilla, 130 S.Ct. at 1483. I agree with the majority that appellant fails to satisfy the second prong of Strickland. Indeed, his mere allegation that he would have pled not guilty if he would have been properly advised falls far short of that required to demonstrate sufficient prejudice for relief in this jurisdiction under the circumstances of this case. See United States v. Vargaspuentes, 70 M.J. 501 (Army Ct.Crim.App.2011), pet. denied, 70 M.J. 359. Appellant fails to convince that a decision to reject the pretrial agreement in this case would have been rational under the circumstances. Therefore, I concur with that part of the majority's opinion relative to prejudice under Strickland and concur in the result.

 “It seems unlikely that our decision today will have a significant effect on those convictions already obtained as the result of plea bargains. For at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client's plea. See, supra, at 1483-1484. We should, therefore, presume that counsel satisfied their obligation to render competent advice at the time their clients considered pleading guilty. Strickland, 466 U.S. at 689, 104 S.Ct. 2052." Padilla, 130 S.Ct. at 1485.